IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00153-LTB-MEH

JERRY LEE BUSTOS,

    Plaintiff,

v.

BUREAU OF PRISONS DIRECTOR (B.O.P.) H. LAPPIN,
BUREAU OF PRISONS U.S.P. A.D.X. MAX,
MR. ROBERT WILEY (Warden),
BUREAU OF PRISONS U.S.P. ADMINISTRATION ADX MAX,
A.W. PROGRAMS,
A.W. CUSTODY,
CAPTAIN CHURCH,
BUREAU OF PRISONS UNIT MANAGEMENT G-UNIT,
MR. M. COLLINS,
MRS. T. SUDLOW,
MR. G. KNOX,
BUREAU OF PRISON U.S.P. A.D.X. INTERNAL SUPERVISORS,
S.I.S. AND S.I.A. INVESTIGATORS AND LIEUTENANTS, and
MANAGEMENT AND PRODUCERS AT HISTORY CHANNEL 36 AND AFFILIATES,

    Defendants.

## RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant A&E Television Networks ("AETN")'s[1] Motion to Dismiss [Docket #27]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** Defendants' Motion, because adequate state law remedies exist for Plaintiff's claims against Defendant AETN.

---

[1] Defendant is listed in the caption as Management and Producers at History Channel 36 and Affiliates.

**I.      Facts**

Plaintiff alleges that Defendant AETN produced a documentary titled "Gangland Aryan Brotherhood," whose subject matter is racial violence of certain prison gangs. In this documentary, Plaintiff is allegedly depicted as a member of the Aryan Brotherhood by virtue of a clip showing him fighting with an African-American inmate. Plaintiff states that he is Mexican American, and that he is not a member of any all-white prison gang. Plaintiff contends that he has nothing to do with any racist gangs. Because of this portrayal in the documentary, Plaintiff alleges that he lives in constant fear of assault from both the "Aryan Gang" and all rival gangs. Plaintiff brings claims for violations of his Fifth and Eighth Amendment rights against Defendant AETN.

Defendant AETN filed this Motion to Dismiss arguing that it is not a state actor and cannot be sued under a constitutional tort, *Bivens* theory. Defendant further argues that its rights under the First Amendment preclude any finding that it violated Plaintiff's rights by producing and airing a documentary. Defendant also contends that Plaintiff's claims do not rise to the level of a constitutional nature, at least not against Defendant AETN.

**II.     Discussion**

    **A.     Legal Standard for Motion to Dismiss**

A motion to dismiss should be granted only if the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In doing so, all well-pleaded factual allegations in the Complaint must be taken as true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court must review the Complaint to determine whether it contains "enough facts to state a claim to relief that is plausible on its face." *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007)

2

(citations omitted). This minimal standard requires the plaintiff to establish "a reasonable likelihood of mustering factual support for these claims," *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), by "sufficiently alleg[ing] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Although the Court construes a *pro se* plaintiff's pleadings liberally, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

### B. Plaintiff's Claims

Defendant AETN argues that it is not a state actor and, therefore, Plaintiff cannot bring a *Bivens* action against it. Plaintiff argues that Defendant AETN's actions in producing and airing the documentary at issue constitute joint participation with a governmental entity. As an initial matter, Plaintiff has missed a critical distinction between claims brought pursuant to 42 U.S.C. § 1983 and those allowed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Section 1983 allows a plaintiff to bring a claim for constitutional violations against one who is acting under color of state law. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). In limited circumstances, a private entity may be liable under Section 1983 if its conduct is so closely related to governmental conduct that it can be viewed as conduct of the state. *Id.* (noting the various tests used to analyze governmental action and private conduct).

3

Section 1983, however, does not apply in this case, because the governmental conduct for which Defendant AETN is alleged to have participated is federal conduct. The governmental conduct occurred under color of federal law, not state law, and AETN, therefore, cannot be viewed as a state actor.

With regard to federal conduct, *Bivens* actions cannot be brought against a private entity. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61 (2001) (holding that a *Bivens* action cannot be maintained against individuals of a private corporation working under a federal contract). There is "no cause of action against private parties acting under color of federal law." *Fletcher v. R.I. Hosp. Trust Nat'l Bank*, 496 F.2d 927, 932 n.8 (1st Cir. 1974) (quoted in *Meuse v. Pane*, 322 F. Supp. 2d 36, 38-39 (D. Mass. 2004) ("[A] *Bivens* claim is simply not available against a private entity even if that entity is acting under color of federal law.")). *Bivens* only allows "a claim for money damages against federal officers who abuse their constitutional authority." *Malesko*, 534 U.S. at 67. It does not extend to private entities.

Nevertheless, Plaintiff's inability to pursue constitutional claims against Defendant AETN does not leave Plaintiff without recourse. Because AETN is not a state actor or a federal agency, it cannot raise the defense of qualified immunity from suit for violation of state tort law. Further, whether Defendant's continued re-airing of the documentary after learning of Plaintiff's allegations can support a claim for an intentional tort is not precluded by the fact that Defendant is not a state actor. Thus, state tort law provides an adequate remedy for Plaintiff's claims against Defendant AETN; thus, his constitutional claims against AETN must fail. *Peoples v. CCA Det. Centers*, 422 F.3d 1090, 1102 (10th Cir. 2005) ("[T]he presence of an alternative cause of action against individual defendants provides sufficient redress such that a *Bivens* cause of action need not be

4

implied."), *aff'd en banc by an equally divided Court*, 449 F.3d 1097 (10th Cir. 2006). Accordingly, the Court recommends that Defendant AETN's Motion to Dismiss be granted and that Plaintiff's constitutional claims against AETN be dismissed with prejudice for failure to state a claim upon which relief can be granted. Plaintiff may pursue any potential state law claims against AETN either by seeking to amend his Complaint in this case to assert the same or by filing a separate lawsuit against AETN in state court.

## III. Conclusion

For the reasons stated above, the Court RECOMMENDS that Defendant AETN's Motion to Dismiss [Filed April 7, 2008; Docket #27] be **granted**. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[2]

Dated at Denver, Colorado this 13th day of May, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[2] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).