IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00153-LTB-MEH

JERRY LEE BUSTOS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
BUREAU OF PRISONS,
HARRELL WATTS, individually and as Administrator, Federal Bureau of Prisons,
MICHAEL K. NALLEY, individually and as Regional Director, Bureau of Prisons,
R. WILEY, individually and as Warden, U.S.P. Admin. Max.,
COLLINS, individually and as Unit Manager, U.S.P. Admin. Max.,
JOHN DOE #1, individually and officially,
JOHN DOE #2, individually and officially,
JOHN DOE #3, individually and officially, and
A&E TELEVISION NETWORKS,

    Defendants.

## PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

1.     This Protective Order shall apply to Plaintiff Jerry Lee Bustos, Defendants the United States, the Bureau of Prisons ("BOP"), Watts, Nalley, Wiley, and Collins [hereinafter the "Federal Defendants"], and Defendant A&E Television Networks ("AETN"), and shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission,

deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL BOP" or "CONFIDENTIAL BOP - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL AETN- FOR ATTORNEY'S EYES ONLY" (collectively "CONFIDENTIAL Information") shall be information that is confidential and implicates prison security and safety, the institutional adjustment of Plaintiff, law enforcement techniques, and/or personal security and safety. CONFIDENTIAL Information shall not be disclosed or used for any purpose except the preparation and trial of this case. The protections granted by this Protective Order shall not be waived.

4. CONFIDENTIAL Information may be reproduced electronically for litigation management purposes only. Electronically reproduced CONFIDENTIAL Information must retain the mark "CONFIDENTIAL BOP" or "CONFIDENTIAL BOP - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL AETN - FOR ATTORNEY'S EYES ONLY."

5. Documents, materials, and/or information pertaining to the sensitive and limited official-use only records of the Bureau of Prisons are designated as CONFIDENTIAL by marking them "CONFIDENTIAL BOP."

    a. CONFIDENTIAL BOP information may be disclosed to counsel for Plaintiff

b. CONFIDENTIAL BOP information may be disclosed to counsel for AETN.

c. CONFIDENTIAL BOP information may be disclosed to Plaintiff.

d. CONFIDENTIAL BOP information shall <u>not</u> be disclosed to or discussed with employees, agents, servants, contractors, or other representatives of AETN.

6. Documents, materials, and/or information pertaining to the sensitive and official-use only records of the Bureau of Prisons that cannot be released to Plaintiff are designated as CONFIDENTIAL by marking them "CONFIDENTIAL BOP- FOR ATTORNEY'S EYES ONLY."  CONFIDENTIAL BOP- FOR ATTORNEY'S EYES ONLY information shall not be disclosed to or discussed with Plaintiff.

   a. CONFIDENTIAL BOP- FOR ATTORNEY'S EYES ONLY information may be disclosed to counsel for Plaintiff

   b. CONFIDENTIAL BOP- FOR ATTORNEY'S EYES ONLY information may be disclosed to counsel for AETN.

   c. CONFIDENTIAL BOP- FOR ATTORNEY'S EYES ONLY information shall <u>not</u> be disclosed to or discussed with Plaintiff.

   d. CONFIDENTIAL BOP- FOR ATTORNEY'S EYES ONLY information shall <u>not</u> be disclosed to or discussed with employees, agents, servants, contractors, or other representatives of AETN.

7. Documents, materials, and/or information disclosing the identities of individuals who worked on the documentary "Gangland: Aryan Brotherhood," are designated as CONFIDENTIAL by marking them  "CONFIDENTIAL AETN - FOR ATTORNEY'S EYES ONLY."

a. CONFIDENTIAL AETN - FOR ATTORNEY'S EYES ONLY information may be disclosed to counsel for Plaintiff.

b. CONFIDENTIAL AETN - FOR ATTORNEY'S EYES ONLY information shall <u>not</u> be disclosed to or discussed with Plaintiff.

c. CONFIDENTIAL AETN - FOR ATTORNEY'S EYES ONLY information may be disclosed to counsel for the Federal Defendants.

d. CONFIDENTIAL AETN - FOR ATTORNEY'S EYES ONLY information shall <u>not</u> be disclosed to or discussed with employees, agents, servants, contractors, or other representatives of the Federal Defendants.

8. In addition to the restrictions set forth in Paragraphs 5, 6, and 7, CONFIDENTIAL Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed to any person, except that such information may be disclosed to:

a. attorneys actively working on this case;

b. persons regularly employed or associated with the attorneys actively working on the case, including in-house counsel and agency counsel, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

d. witnesses during deposition;

e. the Court, and necessary Court staff, pursuant to Paragraphs 11, 12, and 13; and

f. other persons by written agreement of the parties.

9. Prior to disclosing any CONFIDENTIAL Information to any person listed in Paragraphs 8(c), 8(d), and/or 8(f), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by the opposing party.

10. Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. In the event that a party desires to use CONFIDENTIAL Information as an exhibit to a Court document, not including depositions, the CONFIDENTIAL Information shall be filed under seal in accordance with D.C.Colo.LCivR 7.3 and District of Colorado Electronic Case Filing Procedure VI.A.2, and must retain the mark "CONFIDENTIAL BOP" or "CONFIDENTIAL BOP - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL AETN - FOR ATTORNEY'S EYES ONLY."

12. If additional disclosure is needed of CONFIDENTIAL Information, counsel for the party seeking additional disclosure will contact counsel for the producing/designating party to

work out an appropriate procedure for such disclosure. If the parties cannot resolve the dispute within ten (10) business days, either party may file an appropriate motion with the Court. Said motion may attach the disputed CONFIDENTIAL Information as an exhibit to the motion. If the disputed CONFIDENTIAL Information is attached as an exhibit to such a motion, it shall be filed under seal in accordance with D.C.Colo.LCivR 7.3 and District of Colorado Electronic Case Filing Procedure VI.A.2, and must retain the mark "CONFIDENTIAL BOP" or "CONFIDENTIAL BOP - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL AETN - FOR ATTORNEY'S EYES ONLY."

13. A party may object to the designation of CONFIDENTIAL Information by giving written notice to the counsel for the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the CONFIDENTIAL Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Said motion may attach the disputed CONFIDENTIAL Information as an exhibit to the motion. If the disputed CONFIDENTIAL Information is attached as an exhibit to such a motion, it shall be filed under seal in accordance with D.C.Colo.LCivR 7.3 and District of Colorado Electronic Case Filing Procedure VI.A.2, and must retain the mark "CONFIDENTIAL BOP" or "CONFIDENTIAL BOP - FOR ATTORNEY'S EYES ONLY" or "CONFIDENTIAL AETN - FOR ATTORNEY'S EYES ONLY." If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL Information

under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL Information and shall not thereafter be treated as CONFIDENTIAL Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL Information.

14. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies (electronic and physical) thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may agree to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated at Denver, Colorado, this 8th day of January, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge