IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00153-LTB-MEH

JERRY LEE BUSTOS,

     Plaintiff,

v.

UNITED STATES OF AMERICA,
BUREAU OF PRISONS,
HARRELL WATTS, individually and as Administrator, Federal Bureau of Prisons,
MICHAEL K. NALLEY, individually and as Regional Director, Bureau of Prisons,
R. WILEY, individually and as Warden, U.S.P. Admin. Max.,
COLLINS, individually and as Unit Manager, U.S.P. Admin. Max.,
JOHN DOE #1, individually and officially,
JOHN DOE #2, individually and officially,
JOHN DOE #3, individually and officially, and
A&E TELEVISION NETWORKS,

     Defendants.

---

## ORDER ON FEDERAL DEFENDANTS' MOTION TO STAY DISCOVERY

---

**Michael E. Hegarty, United States Magistrate Judge.**

     Pending before the Court is the Federal Defendants' Motion to Stay Discovery [filed December 29, 2008; docket #116]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, the matter has been referred to this Court. (Docket #119.) The Motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons set forth below, the Court ORDERS that the Federal Defendants' Motion to Stay Discovery is **granted in part and denied in part**.

## I.     Background

     Plaintiff is an inmate at the United States Penitentiary, Administrative Maximum ("ADX") facility in Florence, Colorado. Plaintiff initiated this action *pro se* on January 24, 2009. After

counsel entered their appearance on behalf of Plaintiff, the Court allowed Plaintiff to submit a Fourth Amended Complaint on November 26, 2008, which is the operative pleading in this matter. (Docket #114.) Plaintiff brings suit against the federal defendants for injunctive relief and money damages, alleging violations of the Fourth, Fifth, and Eighth Amendments of the Constitution, 18 U.S.C. § 4042, existing prison policy, and various tort claims brought pursuant to the Federal Tort Claims Act ("FTCA"). (*See id*.) Plaintiff sues A&E Television Networks for money damages, alleging tort claims including invasion of privacy, defamation and conspiracy. (*Id.*)

The facts giving rise to Plaintiff's claims extend back to November 1998, when ADX cameras recorded a fight occurring between an African-American inmate and Plaintiff, who is Mexican-American. (*Id*. at 7.) Plaintiff represents to the Court that the fight was not gang-related, and Plaintiff "was not, and is not, a member of any gang." (*Id*.) Almost nine years later, Plaintiff learned that A&E Television Networks had broadcast the prison recording as part of a series titled "*Gangland*," and his identity in the video could be clearly viewed. Plaintiff contends *Gangland* "depicts [Plaintiff] as an Aryan Brotherhood member and shows [him] carrying out violent acts on behalf of the Aryan Brotherhood." (*Id*.)

Plaintiff alleges the *Gangland* episode featuring Plaintiff as "an Aryan Brotherhood member" was broadcast to the public and to the ADX prison population on a weekly basis for approximately six months. (*Id*. at 2, 8.) Plaintiff contends that, "[a]s a direct result of *Gangland*, [Plaintiff] received threats of violence and death on several occasions from Aryan Brotherhood, DC Blacks, and Mexican Mafia gang members." (*Id*. at 9.) Plaintiff asserts he is now perceived as "an undercover Aryan Brotherhood enforcer" which makes him a "target for violent acts of revenge." (*Id*. at 9.)

2

Plaintiff represents that he requested A&E, who owns the copyright to *Gangland*, to cease showing the pertinent episode because of its "factually incorrect" nature. A&E did not respond to Plaintiff's letter, dated October 3, 2007, nor did it stop broadcasting *Gangland*. (*Id*. at 8.) Plaintiff also describes his requests for protection submitted to the Bureau of Prisons ("BOP") through the administrative remedies process, asking to be transferred out of ADX and not to the ADX's "General Population Step Down program," where he could be subjected to violence due to the misperception of his affiliation with the Aryan Brotherhood, as depicted in *Gangland*. (*Id*. at 9-11 (explaining Plaintiff submitted an Informal Resolution Form on July 2, 2007; a Request for Administrative Remedy on July 9, 2007; a Regional Administrative Remedy Appeal on August 9, 2007; and a Central Office Administrative Remedy Appeal on September 28, 2007).) Plaintiff contends the BOP denied each request on the grounds that procedurally, Plaintiff must complete the General Population Step Down program before he could be transferred from the ADX. (*Id*.) On November 13, 2007, the BOP transferred Plaintiff from G-Unit to the step-down program in J-Unit within ADX, which is where Plaintiff currently resides. (*Id.* at 9-10.) Presently, Plaintiff states there are no Aryan Brotherhood, DC Blacks, or Mexican Mafia gang members in his section of the J-Unit. (*Id*. at 9.) However, Plaintiff asserts that as he "continues to progress through the step-down program, he will be exposed to Aryan Brotherhood, Mexican Mafia, or DC Blacks gang members directly and on a daily basis." (*Id*. at 11.) Plaintiff alleges that, as a result of Defendants' actions leading to the broadcast of *Gangland*, the repetitive showings of the *Gangland* episode showing the recording involving Plaintiff, and the subsequent threats from other inmates, he "has lost a significant amount of weight, and has consistently been unable to sleep, recreate, or bathe for anticipation and fear of attack." (*Id.*)

Both A&E Television Networks and the federal defendants responded to Plaintiff's Fourth Amended Complaint with Motions to Dismiss. (*See* Dockets #115, 117.) A&E seeks the Court to dismiss Plaintiff's Fifteenth and Sixteenth Claims for Relief pursuant to Fed. R. Civ. P. 12(b)(6), for failing to state claims of Invasion of Privacy by Intrusion and by Appropriation, respectively. (Docket #117 at 7.) The federal defendants move to dismiss all of Plaintiff's claims against the named federal defendants, not including A&E Television Networks nor the three designated John Doe defendants, pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6). (Docket #115 at 1, n.1.) The federal defendants assert Plaintiff failed to exhaust administrative remedies, the Court lacks personal jurisdiction over Defendants Watts and Nalley, the Court is precluded from hearing Plaintiff's second claim, Plaintiff fails to state a constitutional claim for relief and does not adequately allege personal participation as required by *Bivens*, and each individual federal defendant is entitled to qualified immunity. (*Id*. at 1-2.)

The federal defendants filed the Motion to Stay Discovery presently before the Court contemporaneously with their Motion to Dismiss. As grounds for a stay of discovery, the federal defendants contend that discovery should be stayed for two primary reasons. First, their Motion to Dismiss, if granted, would dispose of Plaintiff's entire action against the federal defendants. (Docket #116 at 1.) Second, the Motion to Dismiss raises jurisdictional bars, including qualified immunity, sovereign immunity, and lack of subject matter and personal jurisdiction. (Id.) The federal defendants contend such jurisdictional questions should be resolved before proceeding with discovery in this matter.

## II.    Discussion

The decision to stay discovery rests within the sound discretion of the trial court. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Rodriguez v. IBP, Inc*., 243 F.3d 1221, 1230 (10th Cir. 2001) (citation omitted); *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The federal defendants seek protection from significant discovery until a ruling is issued on their pending Motion to Dismiss. A stay of all discovery is generally disfavored in this District. *Chavez v. Youn Am. Ins. Co.*, No. 06-2419, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted).

The following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-1934, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here, except for two discrete issues. *See String Cheese,* 2006 WL 894955, at *2. The Court balances Plaintiff's desire to proceed expeditiously with his case against the burden on the federal defendants of going forward. *Id.* There can be no doubt that Plaintiff has an interest in proceeding expeditiously, but his interest is offset by the federal defendants' burden and the law supporting a stay of discovery in similar cases. Here, the federal defendants' Motion to Dismiss asserts jurisdictional grounds for dismissal, based upon qualified immunity, sovereign immunity,

and lack of subject matter and personal jurisdiction. Courts have routinely held that discovery should be stayed while the issues related to jurisdiction are being resolved. *See, e.g., Siegert v. Gilley,* 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). Thus, on balance, the Court finds that the potential harm to Plaintiff is outweighed by the burden on the federal defendants resulting from conducting and responding to discovery while the Motion to Dismiss is pending.

The remaining *String Cheese* factors (*i.e.*, the Court's efficiency and interests of nonparties and the public in general) do not prompt a different result. *See String Cheese,* 2006 WL 894955, at *2. However, the mere pendency of a Motion to Dismiss on jurisdictional grounds does not entitle the federal defendants to a complete and indefinite stay, especially here where the claims vary in terms of cause of action and request for relief, some subject to protections such as qualified immunity and some not so protected. *Rome v. Romero,* 225 F.R.D. 640, 643-45 (D. Colo. 2004) (limiting stay of discovery to claims subject to dismissal on jurisdictional grounds only). The Court sees utility for judicial efficiency and fairness to the parties in allowing both the copies of Plaintiff's Central File and SIS File, which the federal defendants have already agreed to release, and limited discovery into the identities of the John Doe defendants, as briefly discussed in the federal defendants' Motion to Stay and Plaintiff's response. (Docket #116 at 2, 6; docket # 128 at 4.)

Therefore, consistent with its duty in cases where governmental defendants assert jurisdictional bars to suit, the Court imposes a stay of discovery as to the federal defendants during

the pendency of the federal defendants' Motion to Dismiss, except for 1) a copy of Plaintiff's entire Central File and SIS File as described in the federal defendants' Motion to Stay (Docket #116 at 6), and 2) narrowly constructed written discovery pertaining to the identities of the John Doe defendants also as described in the federal defendants' Motion to Stay and Plaintiff's response (*Id*. at 2; docket #128 at 4.).[1]

## III.     Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that the Federal Defendants' Motion to Stay Discovery [filed December 29, 2008; docket #116] is **granted in part** and **denied in part** as set forth herein.  Discovery is stayed as to the federal defendants except for Plaintiff's files as previously identified and the narrowly constructed written discovery directed toward identifying the three John Doe defendants.  The parties shall file a status report within three business days of receiving a ruling on the federal defendants' Motion to Dismiss, indicating what changes in the Scheduling Order are needed.

Dated at Denver, Colorado, this 18th day of February, 2009.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1]The federal defendants' Motion to Dismiss and Motion to Stay are not submitted on behalf of the John Doe defendants.