# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### LEWIS T. BABCOCK, JUDGE

Civil Action No. 08-cv-00153-LTB-MEH

JERRY LEE BUSTOS,

        Plaintiff,

v.

UNITED STATES OF AMERICA;
BUREAU OF PRISONS;
HARRELL WATTS, individually and as Administrator, Federal Bureau of Prisons;
MICHAEL K. NALLEY, individually and as Regional Director, bureau of Prisons;
R. WILEY, individually and as Warden, U.S.P. Admin. Max.;
COLLINS, individually and as Unit Manager, U.S.P. Admin. Max.;
JOHN DOE # 1, individually and officially;
JOHN DOE # 2, individually and officially;
JOHN DOE # 3, individually and officially; and
A&E TELEVISION NETWORKS;

        Defendants.

---

## ORDER

---

        This prisoner mistreatment case is before me on the federal defendants'—including the United States of America, the Bureau of Prisons, Watts, Nalley, Wiley, and Collins—Objections to Recommendations of United States Magistrate Judge [**Docket # 165**] and Plaintiff's Response [**Docket # 176**]. Pursuant to 28 U.S.C. § 636(b)(1), I conducted *de novo* review of the facts, law, and objections to the recommendation. The motion and objections are adequately briefed and oral argument would not materially aid their resolution. For the reasons set forth below, I approve and adopt the Magistrate Judge's recommendation in part and disapprove it in part.

## I.  BACKGROUND FACTS

The relevant facts alleged in the Fourth Amended Complaint [**Docket # 114**] are as follows.  Plaintiff is an inmate at the Federal Administrative Maximum penitentiary ("ADX").  Approximately ten years ago, ADX cameras videotaped an attack on Plaintiff by a fellow inmate.  The videotape was made available to the History Channel, which later used the video in a television program entitled: *Gangland: Aryan Brotherhood*.  The narrator of the television program falsely described Plaintiff—who is Mexican-American—as the instigator of the attack and as a member of the Aryan Brotherhood prison gang.  The *Gangland* program was broadcast to the ADX prison population weekly for approximately six months.  Some prisoners now incorrectly believe Plaintiff to be an undercover member of the Aryan Brotherhood.  These prisoners—which include members of the Aryan Brotherhood, as well as members of rival gang the DC Blacks and ally gang the Mexican Mafia—have threatened Plaintiff with serious physical injury and death based upon their beliefs.

Plaintiff is currently housed in the J-Unit, B-Side, 04 Range, which is part of the General Population Step Down Program that prepares inmates for release from ADX.  No members of the Aryan Brotherhood, DC Blacks, or Mexican Mafia are housed in the J-Unit, B-Side, 04 Range.  Nonetheless, Plaintiff—fearing gang retaliation for his appearance on *Gangland*—submitted multiple requests for protective transfer from ADX.  Plaintiff's requests were denied on the basis that he had not yet completed the required Step Down Program and because prison officials determined Plaintiff was housed in a safe and secure environment and was not subject to a specific threat.

Plaintiff brought claims against the federal defendants in his Fourth Amended Complaint [**Docket # 114**] including violation of the Fifth and Eighth Amendments (First Claim for Relief—injunctive relief); 18 U.S.C. § 4042 (Second Claim for Relief); violations of the Fifth and Eighth Amendments and 18 U.S.C. § 4042 (Third Claim for Relief—damages); negligence *per se* (Seventh Claim for Relief); negligence (Eighth Claim for Relief); negligent infliction of emotional distress (Ninth Claim for Relief); and intentional infliction of emotional distress (Tenth Claim for Relief).  The federal defendants moved to dismiss Plaintiff's claims under Rules 12(b)(1), 12(b)(2), and 12(b)(6), as well as on ground of qualified immunity [**Docket # 115**].

I referred the federal defendants' motion to the Magistrate Judge for recommendations. On June 22, 2009, the Magistrate Judge recommended the First Claim for Relief be dismissed without prejudice with leave to re-file against the United States; the Second Claim for Relief be dismissed; and the Third Claim for Relief be dismissed as to Defendants Watts and Nalley for lack of personal jurisdiction and as to all defendants to the extent the claim alleges violations of 18 U.S.C. § 4042. [**Docket # 163**].  The Magistrate Judge recommended the Third Claim for Relief—to the extent the claim alleges violations of the Fifth and Eighth Amendments—be allowed to proceed as to Defendants Wiley and Collins, and further recommended the Seventh, Eighth, Ninth, and Tenth Claims for relief be allowed to proceed.

On *de novo* review, I conclude that the Magistrate Judge's recommendation is correct as to all claims except Plaintiff's First and Third Claims for Relief.  As to Plaintiff's Third Claim for Relief, I conclude Plaintiff fails to allege a clearly-established constitutional violation and, accordingly, this claim should be dismissed with prejudice under the doctrine of qualified

3

immunity.

As to Plaintiff's First Claim for Relief, I conclude the Magistrate Judge's recommendation is correct to the extent the recommendation concludes the First Claim for Relief should be dismissed without prejudice. Accordingly—as Plaintiff has not yet alleged an Eighth Amendment Claim against the United States—the merits of the federal defendants' argument raised in the motion to dismiss are not ripe for review.

## II.  STANDARD OF REVIEW

The doctrine of qualified immunity shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law. *See Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). This qualified immunity inquiry requires analysis of two distinct questions: (1) whether—taken in the light most favorable to the plaintiff as the party asserting the injury—the plaintiff alleges sufficient facts to show the public official's conduct violated plaintiff's constitutional rights; and (2) whether the constitutional right alleged to be violated was clearly established at the time of the alleged violation in a sufficiently analogous factual setting. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001), *abrogated in part by Pearson*, 129 S. Ct. 808. While it is often desirable to proceed initially with the first prong, a finding of qualified immunity may be appropriate on either question. *See Pearson*, 129 S. Ct. at 818.

The determination of whether a right was clearly established within a sufficiently analogous factual setting must be made within the specific context of the case, not as a broad general proposition. *Saucier*, 533 U.S. at 201; *see also Medina v. City and County of Denver*, 960 F.2d 1493, 1497 (10th Cir. 1992). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established

weight of authority from other courts must have found the law to be as the plaintiff maintains."
*Medina*, 960 F.2d at 1498.  This does not mean the prior case law must have precisely the same
facts, however, but rather requires a particularized inquiry to determine whether the contours of
the right were sufficiently defined by prior case law such that "a reasonable official would
understand what he is doing violates that right."  *See Anderson v. Creighton*, 483 U.S. 635, 640
(1987).  "The more obviously egregious the conduct in light of prevailing constitutional
principles, the less specificity is required from prior case law to clearly establish the violation."
*Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004).

If both inquiries can be met in the affirmative, then the defendant is not entitled to
qualified immunity.  *See Saucier*, 533 U.S. at 201.  For purposes of a motion to dismiss based on
qualified immunity, therefore, a plaintiff must allege sufficient facts to show he plausibly, not
just speculatively, meets both inquiries.  *See Robbins*, 519 F.3d at 1247.  A plaintiff must "make
clear exactly *who* is alleged to have done *what* to *whom* . . . as distinguished from collective
allegations against the state."  *Id*. at 1249–50 (emphasis in original).  Mere conclusory
allegations are insufficient.  *See id.*

## III.  ANALYSIS

Plaintiff's allegations against Defendants Collins and Wiley in Claim Three include:
Wiley authorized the broadcast of *Gangland: Aryan Brotherhood* at ADX; Collins denied
Plaintiff's July 2, 2007, request for transfer; and Wiley denied Plaintiff's July 9, 2007, request
for transfer.  Plaintiff claims Collins and Wiley "inferred, or reasonably should have inferred,
that [Plaintiff] was at risk of serious and substantial harm upon transfer to the step-down
program," and their failure to transfer Plaintiff outside of ADX caused him to lose weight and be

unable to sleep, recreate, or bathe for anticipation or fear of attack.  Importantly, however, Plaintiff also alleges he is not currently housed with any members of the Aryan Brotherhood, DC Blacks, or Mexican Mafia, nor does Plaintiff allege he is currently under any threat of attack. Plaintiff only alleges he may be subject to attack at some point in the future if he is transferred to a different part of ADX.

A prison official's failure to prevent harm "violates the Eighth Amendment only when two requirements are met."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  First, the prison official's act must be "objectively, sufficiently serious" and "result in the denial of the minimal civilized measure of life's necessities . . . [T]he inmate must show that he is incarcerated under conditions posing a substantial risk of harm."  *Id*.  Second, the "prison official must have a sufficiently culpable state of mind," in this case "deliberate indifference to inmate health or safety."  *Id*.  Deliberate indifference requires actual knowledge of the risk to inmate safety.  *See id*. at 837.  Accordingly, in order to survive a motion for dismissal on qualified immunity grounds, Plaintiff must allege: (1) Wiley's authorization of the broadcast of *Gangland: Aryan Brotherhood* and/or Collins and Wiley's denial of Plaintiff's requests for transfer failed to protect Plaintiff from a substantial risk of harm and Collins and Wiley had actual knowledge that their actions failed to protect Plaintiff from such risk; and (2) that—within a sufficiently analogous factual setting—a constitutional violation was clearly established.  *See Saucier*, 533 U.S. at 201.

The Magistrate Judge relied on the "gang targeting" theory described by the Tenth Circuit in *Howard v. Waide*, 534 F.3d 1227 (10th Cir. 2008).  I conclude the Magistrate Judge's reliance was misplaced.  *Howard* holds that a plaintiff may show he was placed under conditions

posing a serious threat of physical harm when he can show he was not protected from contact with members of prison gangs that had targeted the plaintiff in the past.  *See Howard*, 534 F.3d at 1237.  As noted by the federal defendants, however, Plaintiff fails to allege the actions of Wiley or Collins placed Plaintiff under conditions posing a substantial risk of serious harm from gang violence.

Unlike the plaintiff in *Howard*, Plaintiff here is not housed with any gang members. Plaintiff has not alleged he has suffered—or is likely to suffer in his current circumstances—any harm other than lost weight, and inability to sleep, recreate or bathe "for anticipation and fear of attack" should Plaintiff be moved from his current gang-free housing at some point in the future. As Plaintiff is currently isolated from members of the Aryan Brotherhood, DC Blacks, and Mexican Mafia, any threat posed by these gang member is speculative and forward-looking—improper bases for Plaintiff's *Bivens* damages claim in any case.  *See Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001); *Van Dinh v. Reno*, 197 F.3d 427, 435 (10th Cir. 1999); *see also Nat'l Fed'n of Fed. Employees v. Weinberger*, 818 F.3d 935, 941 (D.C. Cir. 1987) (noting the *Bivens* damages remedy "penalizes an individual government official for his or her past wrongs; it . . . cannot—and was never intended to—protect an individual who is threatened with future deprivation of a constitutional right").  Accordingly, Plaintiff fails to allege sufficient facts to show Defendants Collins and Wiley's conduct violated Plaintiff's constitutional rights. Dismissal on qualified immunity grounds is therefore appropriate.

## IV.  CONCLUSION

Accordingly, the Federal Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint Pursuant to FED. R. CIV. P. 12(b)(1), 12(b)(2), and 12(b)(6) [**Docket # 115**] is

GRANTED in part and DENIED in part as follows:

1.      The First Claim for Relief is DISMISSED WITHOUT PREJUDICE;

2.      The Second Claim for Relief is DISMISSED WITH PREJUDICE for failure to

state a claim upon which relief may be granted;

3.      All claims against Defendants Watts and Nalley are DISMISSED WITHOUT

PREJUDICE for lack of personal jurisdiction;

4.      The Third Claim for Relief—to the extent the claim concerns Defendants Collins

and Wiley—is DISMISSED WITH PREJUDICE on grounds of qualified

immunity;

5.      The motion is otherwise DENIED.

Dated: August   19  , 2009.

BY THE COURT:


    s/Lewis T. Babcock
Lewis T. Babcock, Judge