**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Action No. 08-cv-00153-LTB-MEH

JERRY LEE BUSTOS,

       Plaintiff,

v.

UNITED STATES OF AMERICA;
BUREAU OF PRISONS;
HARRELL WATTS, individually and as Administrator, Federal Bureau of Prisons;
MICHAEL K. NALLEY, individually and as Regional Director, bureau of Prisons;
R. WILEY, individually and as Warden, U.S.P. Admin. Max.;
COLLINS, individually and as Unit Manager, U.S.P. Admin. Max.;
JOHN DOE # 1, individually and officially;
JOHN DOE # 2, individually and officially;
JOHN DOE # 3, individually and officially; and
A&E TELEVISION NETWORKS;

       Defendants.
_____

**ORDER**
_____

Review of the Magistrate Judge's Recommendation in this case involves the application of Colorado State libel law in a somewhat unique context. Plaintiff claims that Defendant A&E Television Networks (AETN) libeled him when AETN broadcast a November 1998 ADX video recording a fight occurring between an African American inmate and the Plaintiff who is Mexican American. Almost nine years later Plaintiff learned that AETN had broadcast the prison recording as a part of its series titled "Gangland" and that his identity in it could be clearly viewed. He contends that Gangland depicts him as an Aryan Brotherhood member carrying out violent acts on behalf of the Aryan Brotherhood so he asserts that as a direct result of this Gangland broadcast he

received threats of violence and death on several occasions from the Aryan Brotherhood, DC Blacks, and Mexican American gang members. And, he says that he is now perceived as an undercover Aryan Brotherhood enforcer making him a target for violent acts of revenge.

In his recommendation, the Magistrate Judge recommends that Defendant AETN's Motion for Summary Judgment (Doc 189) be granted, that Plaintiff's Fourteenth and Seventeenth Claims for Relief be dismissed with prejudice as to Defendant AETN and that AETN be dismissed as a Defendant in this action.

The nub of the Magistrate Judge's reasoning is that the asserted defamatory statement at issue reasonably bears in part the meaning ascribed to it by the Plaintiff, viz his alleged membership in the Aryan Brotherhood. Because the statement inputes a criminal offense it is defamation *per se* not *per quod*. However, the statement is substantially true in that the effect of the statement on the viewer would be no different in light of Plaintiff's representations that he holds himself out to be a member of the Mexikanemi gang which is allied with the Aryan Brotherhood. So it is that the Magistrate Judge recommends that Defendant AETN's Motion for Summary Judgment be granted.

The Plaintiff has filed timely objections to the recommendations of the Magistrate Judge. The Plaintiff argues that the Magistrate Judge erred in his application of the substantial truth doctrine in the summary judgment context.

AETN has filed specific objection in part to the Magistrate Judge's recommendation. AETN does not argue that it's motion should not be granted. It argues first that the Magistrate Judge erred in concluding that the program at issue is libel *per se* contending that at most it is libel *per quod*. And because Plaintiff has not alleged or proven any special damages, AETN is entitled to summary judgment. AETN also argues that in the summary judgment context of this case, Plaintiff is libel-proof with respect to allegations that he was involved in a violent and racist prison gang. So on that

independent basis, AETN is entitled to summary judgment.

In view these objections, I have reviewed the Magistrate Judge's recommendation *de novo* in light of the file and record in this case. On *de novo* review I find and conclude that the Magistrate Judge's thorough and reasoned analysis leading to his ultimate conclusions is correct. Accordingly

IT IS ORDERED that AETN's Motion for Summary Judgment (Doc 189) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Fourteenth and Seventeenth Claims for Relief are DISMISSED WITH PREJUDICE and Defendant AETN is DISMISSED as a Defendant in this action.

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Judge

DATED:   May 20, 2010