IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00153-LTB-MEH

JERRY LEE BUSTOS,

    Plaintiff,

vs.

UNITED STATES OF AMERICA;
JOHN DOE #1, individually and officially;
JOHN DOE #2, individually and officially;
JOHN DOE #3, individually and officially; and
A&E TELEVISION NETWORKS;

    Defendants.
_____

ORDER
_____

THIS MATTER is before the Court on Plaintiff Jerry Lee Bustos' Unopposed Motion for a More Reasoned Judgment Order Pursuant to Request of the Appellate Court (Doc 290 - filed August 2, 2010). Upon review of the file, the Court makes the following findings and conclusions:

1. On May 20, 2010, the Court issued its Order granting A&E Television Networks' ("AETN") Motion for Summary Judgment and dismissing Bustos' Fourteenth and Seventeenth Claims for Relief, and dismissing AETN as a Defendant in this action (Doc 270).

2. The Court has not make dispositive rulings for or against the United States of America, or any of the three John Doe defendants.

3. Plaintiff desires to proceed with an appeal of the Court's Order.

4. Fed. R. Civ. P. 54(b) provides, in relevant part,

> [w]hen ore than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

5. The basic purpose of Fed. R. Civ. P. 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all the parties until the adjudication of the entire case by making an immediate appeal available. Wright, Miller & Kane, Federal Practice and Procedure, § 2654.

6. Here, the requirements of Fed. R. Civ. P. 54(b) have been met. Plaintiff asserted multiple claims against multiple parties, but his claims against AETN were separate and distinct fro his claims against the remaining Defendants. Damages sought from AETN are not duplicative from those sought from the United States of America and the three John Doe defendants, and no development in Plaintiff's remaining case would act to moot any appeal as to AETN. Further, the nature of the dismissed claims as to AETN are such than an appellate court would not have to decide the same issues more than once, even if there were to be a subsequent appeal as to the claims against the United States of America and the three John Doe defendants.

7. Moreover, no just reason for delay exists. Plaintiff's case against the United States of America and the three John Doe defendants is still in discovery, with final pretrial conference set for January 31, 2011. Trial has not yet been set. As a result, a significant period of time would have to pass before Plaintiff could exercise his appeal rights. If Plaintiff prevails in his appeal, it would be beneficial for the purposes of witness recollection to proceed with the re-trial sooner rather than later.

Accordingly,

IT IS ORDERED that final judgment as to AETN only be entered, pursuant to Fed. R. Civ. P. 54(b).

DATED this __4th__ day of August, 2010.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge