IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00153-LTB-MEH

JERRY LEE BUSTOS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
JOHN DOE #1, individually and officially,
JOHN DOE #2, individually and officially, and
JOHN DOE #3, individually and officially,

    Defendants.

# RECOMMENDATION ON DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS

**Michael E. Hegarty, United States Magistrate Judge.**

Defendant United States of America has filed a Motion to Dismiss and Motion for Judgment on the Pleadings [filed July 19, 2010; docket #282]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation. (Docket #283.) The motion is fully briefed, including the government's supplemental authority and Plaintiff's sur-reply, and oral argument would not materially assist the Court in its adjudication. For the reasons set forth below, the Court **RECOMMENDS** that Defendant United States' Motion to Dismiss be **GRANTED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after

## BACKGROUND

Plaintiff is an inmate at the United States Penitentiary, Administrative Maximum ("ADX") facility in Florence, Colorado. Plaintiff brought this suit against the federal defendants for injunctive relief and money damages, alleging violations of the Fourth, Fifth, and Eighth Amendments of the Constitution, 18 U.S.C. § 4042, existing prison policy, and various tort claims brought pursuant to the Federal Tort Claims Act ("FTCA"). As relevant to the present issue, the facts are that years ago, ADX cameras recorded a fight occurring between an African-American inmate and Plaintiff, who is Mexican-American. Almost nine years later, Plaintiff learned that the A&E Television Network had included this recording as part of a series it aired titled *Gangland*, and Plaintiff's identity in the video could be clearly viewed. Plaintiff contends the *Gangland* program depicted him as an Aryan Brotherhood member, showing him carrying out violent acts on behalf of that prison gang. Plaintiff believes that, as a direct result of the airing of *Gangland* in the prison, he has received threats of violence and death on several occasions from Aryan Brotherhood, DC Blacks, and Mexican Mafia gang members. Plaintiff asserts he is now perceived as an undercover Aryan Brotherhood enforcer, which makes him a target for violent acts of revenge.

Plaintiff points to at least one specific incident in which ADX officials moved him to a protective cell because of a direct threat to his life. As a result of living in fear for his life, Plaintiff contends that he has slept with his shoes on, ready to defend himself in the event of an attack; he has lost significant weight because of the apprehension of bodily harm, unrelated to his prison diet; he frequently cannot sleep because of the fear of imminent harm; and for periods of time he did not recreate or bathe because it would expose him to other inmates and, thus, potential danger.

---

being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

The following claims remain against the United States, from Plaintiff's Fourth Amended Complaint: Claim 7 (negligence per se); Claim 8 (negligence); Claim 9 (negligent affliction of emotional distress); and Claim 10 (intentional infliction of emotional distress). The government's motion asserts that because Plaintiff fails to allege a physical injury that preceded his emotional distress, he is barred from recovery by the FTCA's provision prescribing, "[n]o person convicted of a felony who is incarcerated . . . may bring a civil action against the United States . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 28 U.S.C. § 1346(b)(2) (West 2010). This section stems from the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), establishing that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

The issues presently before the Court are (1) whether the physical manifestations of Plaintiff's fear of injury are sufficient under the PLRA's physical injury requirement, and (2) whether Plaintiff has met the "prior showing" element of Section 1997e(e). The Court finds that Plaintiff has not alleged a sufficient injury and, therefore, the Court will only briefly address the latter point.

## **ANALYSIS**

Plaintiff's suit under the FTCA must be viewed in light of the principle that this law is a waiver of sovereign immunity and, as such, must be narrowly construed. *United States v. Nordic Village Inc.*, 503 U.S. 30, 34 (1992) ("[T]he Government's consent to be sued 'must be 'construed strictly in favor of the sovereign,'' and not 'enlarge[d] . . . beyond what the language requires'" (internal citations omitted)). The government asserts that the language of the statute requires two elements that are missing here: first, a physical injury, and second, that the physical injury precedes any legally cognizable mental or emotional injury. The cases that have addressed the physical injury

3

requirement are numerous, and almost without exception would bar recovery here. There are virtually no cases addressing the "prior showing" requirement, and because the case can be decided on the first element, the Court will not address this issue.

The matter at hand deals with the prison's conduct in permitting an inmate to be subjected to potential harm from other inmates (here, through the use of prison-created video allegedly depicting Plaintiff as a gang member). Traditionally, this claim has come in the form of prison guards allowing information to be spread that the plaintiff prisoner is a snitch or, in some other respect, is a person deserving of harm by other inmates. Prior to the PLRA, such a claim could support a civil rights action based on the potential psychological harm from living in fear of attack. *See Thomas v. District of Columbia,* 887 F. Supp. 1, 3-5 (D.D.C. 1995). As noted by *Brewster v. Nassau County*, 349 F. Supp. 2d 540, 552-53 (E.D.N.Y. 2004), the PLRA "ended that tradition." *See also Mason v. Schriro*, 45 F. Supp. 2d 709, 716 (W.D. Mo. 1999) ("a review of cases from other courts indicates that [§ 1997e(e)] is most frequently applied where plaintiff alleges that defendants' actions have caused him to fear physical injury and fear for his safety and welfare, but he fails to show any physical injury") (disagreed with on other grounds by *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001)). By Plaintiff's own admission, every physical manifestation that Plaintiff has suffered is due to his fear of attack by other inmates. (*See* docket #296 at 6-7.) The PLRA no longer recognizes this as a legally compensable injury.

In *Turner v. Schultz*, the Court noted that "although claims for mental and emotional distress can be brought pursuant to § 1983, ... § 1997e(e) provides that 'such a suit cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms.'" 130 F. Supp. 2d 1216, 1222-23 (D. Colo. 2001) (quoting *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir.1999)). Further, another judge in this District explained how "a prisoner cannot satisfy Section 1997e(e) by alleging only that he suffered from the physical manifestations of mental or emotional

4

injuries." *Hughes v. Colorado Dep't of Corr.*, 594 F. Supp. 2d 1226, 1238 (D. Colo. 2009) (citations omitted). In particular, one of the cases cited by the *Hughes* court, *Davis v. District of Columbia,* 158 F.3d 1342, 1349 (D.C. Cir. 1998), affirmed a *sua sponte* dismissal with prejudice of a prisoner case, despite the prisoner's affidavit stating that he suffered weight loss, appetite loss, and insomnia after an alleged wrongful act by prison officials, because Section 1997e(e) "preclude[s] reliance on the somatic manifestations of emotional distress." *See also Cain v. Virginia,* 982 F. Supp. 1132, 1135 & n.3 (E.D. Va. 1997) (depression and severe headaches caused by emotional distress not a "physical injury" under the PLRA).

Decisions of the Tenth Circuit have held likewise. *E.g., Lawson v. Engleman*, 67 F. App'x 524, 526-27 (10th Cir. 2003) ("We conclude that [the damages] claim was properly dismissed. While claims for mental and emotional distress are cognizable under § 1983, under § 1997e(e) 'such a suit [by a prisoner] cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms.'" (quoting *Perkins,* 165 F.3d at 807)).

Outside this District and Circuit, the results have been generally the same. *E.g., Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006) (prisoner alleged that a disciplinary report was false, retaliatory, and resulted in his remaining in a high security facility for an additional year, which caused him to be "mentally and physically depressed" and lose 50 pounds; court held that this was insufficient to state a claim for physical injury); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (mental anguish, emotional distress, psychological harm, and insomnia do not constitute physical injury for purposes of PLRA)*; Taylor v. Milton*, 124 F. App'x 248, 249 (5th Cir. 2005) (plaintiff did not allege a physical injury, thus Section 1997e(e) precluded "his claim for compensatory damages for any mental or emotional injury suffered as a result of the confiscation of his legal work at gunpoint."); *Harrison v. Smith,* 83 F. App'x 630, 631 (5th Cir. 2003) ("[The inmate's] alleged physical injuries necessarily are a manifestation of his psychological reaction to what he perceived

5

to be an unsafe condition."); *Davis*, 158 F.3d at 1349 (physical injury qualifying under Section 1997e(e) must be "prior;" inmate's "weight loss, appetite loss, and insomnia after the disclosure of his medical status" did not meet "physical injury" requirement).

The cases cited above concern, almost uniformly, a prisoner plaintiff who asserts mental or emotional injury based on a fear of physical harm that he experienced in prison. There are a number of cases, however, in which the alleged physical injury arose from prison officials' *treatment*, or in some cases, *lack of treatment* of the prisoner. Although the Tenth Circuit has held that "[t]he plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted," *Searles,* 251 F.3d at 876,[2] decisions in the circuit courts (including the Tenth Circuit) seem to contradict that statement. For example, in *Murray v. Edwards County Sheriff's Department*, 248 F. App'x 993, 996-97 (10th Cir. 2007), the court *assumed*, without holding, that headaches (due to a lack of sleep because the prison continuously illuminated his cell) and tooth pain (because prison officials allegedly failed to provide dental care for two broken teeth) were "physical injuries" under Section 1997e(e), although the court affirmed summary judgment on a separate ground.

In *Munn v. Toney*, 433 F.3d 1087, 1088 (8th Cir. 2006), the prisoner alleged that prison officials withheld medication and treatment from him, resulting in headaches, cramps, nosebleeds, and dizziness. The prisoner filed suit, seeking recovery for psychological harm that emanated from these physical injuries. The court found that this stated a potential claim under the PLRA. The alleged physical injuries came as a direct result of the prison's failure to provide proper medical treatment, and they preceded (as the statute requires) the prisoner's claimed psychological harm.

---

[2]*See Canell v. Lightner,* 143 F.3d 1210 (9th Cir. 1998) (refusing to apply § 1997e(e)'s prior physical injury requirement to a § 1983 action alleging violation of a prisoner's First Amendment rights).

6

*But see Chatham v. Adcock*, 334 F. App'x 281, 285 (11th Cir. 2009) (anxiety, nightmares, and hallucinations are *de minimis* injuries in case alleging that prison officials wrongfully refused to treat Plaintiff with Xanax).

Further, in *Perez v. United States*, 271 F. App'x 240, 241-42 (3d Cir. 2008), the prisoner suffered an asthma attack and had immediate physical effects. The prisoner alleged that as a result of the attack, which he contended was brought on by prison officials' refusal to address his complaints, he was dizzy, weak, nauseous, and had a headache and back pain from coughing. The prisoner did not claim damages for those physical manifestations, but rather, the court found that these physical problems could suffice as the "physical injury" prerequisite for an emotional injury claim.

These types of cases demonstrate that courts are willing to make more inclusive the definition of "physical injury" when the prisoner alleges that he failed to receive adequate medical treatment or was exposed to adverse physical or environmental conditions *and thereafter* suffered mental or emotional harm. However, the case law appears clear that when the alleged physical injury is associated with and arises from the distress of living in fear of one's well being, which is the case here, the PLRA bars recovery.[3]

---

[3]As noted above, there is virtually no authority addressing the "prior showing" requirement. The language may require that in order to have a viable claim under Section 1997e(e), the prisoner must allege that his emotional or mental injury *stem from* a physical injury, *i.e.*, that the prisoner establish a physical injury that precedes emotional or mental harm. *Cf. Lira v. Herrera*, 427 F.3d 1164, 1172 (9th Cir. 2005) (recognizing a "claim for mental and emotional suffering not stemming from an underlying physical injury" as a possible reason to dismiss a case pursuant to Section 1997e(e)). Or, this "unusual statutory phrase" may simply mean that the plaintiff must show some physical injury before he can recover damages for mental or emotional harm. *Zehner v. Trigg*, 952 F. Supp. 1318, 1323 n.3 (S.D. Ind. 1997). In any event, like the court in *Zehner*, I "need not decipher in this case precisely what Congress meant by requiring a 'prior showing' of physical injury," because Plaintiff does not satisfy the "physical injury" requirement. *Id.*

## CONCLUSION

Accordingly, because Plaintiff neither sufficiently alleges a physical injury in the operative complaint, nor has he established the requisite physical injury in this case, I *RECOMMEND* that Defendant United States of America's Motion to Dismiss and Motion for Judgment on the Pleadings [filed July 19, 2010; docket #282] be **GRANTED**.

Dated at Denver, Colorado, this 21st day of October, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge